UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDREY L. JONES** ) | | |
| ) | Case Number | |
| **Plaintiff** ) | | |
| ) | CIVIL COMPLAINT | |
| vs ) | | |
| ) | | |
| **ALLIANCE ONE** ) | JURY TRIAL DEMANDED | |
| **RECEIVABLES MANAGEMENT** ) | | |
| **INC.** ) | | |
| ) | | |
| **Defendant** ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Audrey L. Jones, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Audrey L. Jones, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the California Fair Debt Collection Practices Act § 1788, which can be cited as the Rosenthal Fair Debt Collection Practices Act.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a primary location in this District.

## III.  PARTIES

4. Plaintiff, Audrey L. Jones, (hereafter, Plaintiff) is an adult natural person residing at 6709 4th Avenue, Rio Linda, CA 95673.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Alliance One Receivables Management, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of California, with a principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. In early November, 2012, Plaintiff started to receive constant calls from agents of the Defendant demanding immediate payment on a debt allegedly owed on a past due account.

8. The above alleged debt is said to be a past due credit card account with "Old Republic".

9. Plaintiff has very little money and informed the Defendant that she had no way to make payment on this account and still afford to pay her monthly rent.

10. Despite informing the Defendant of this, the calls to the Plaintiff were relentless.

11. On more than one occasion, the Plaintiff's daughter was contacted as well to see if she could make payment on the Plaintiff's account for her.

12. Defendant was informed at that time, that the Plaintiff's only source of income was her monthly social security check and that she could not afford to set up payment arrangements on this account.

13. Plaintiff is said to owe a balance of approximately $1,000.00.

14. During each call, the Plaintiff was advised that she needed to turn over her checking account information, in order for the Defendant to take an automatic payment to pay off this debt.

15. The Defendant continued to call and attempt to coerce the Plaintiff into making payment in an amount that she could clearly not afford.

16. Plaintiff was warned that the calls from the Defendant would not stop until she turned over her banking information.

17. After several calls, the Plaintiff had become increasingly frightened of what measure the Defendant and their agents would take if she did not make arrangements to pay.

18. On or about November 30, 2012, the Plaintiff was offered the opportunity to pay off the account in one (1) lump sum of $600.00.

19. The payment would have to be made that day however, or the offer would be null and void and the Defendant's collection efforts would continue.

20. Fearful of the intimidation and harassment, the Plaintiff reluctantly gave the Defendant permission to automatically withdrawal the $600.00 from her checking account, despite the fact that it was most of the money that the Plaintiff had to her name.

21. The Defendant's increasing manipulation and subsequent removal of funds from the Plaintiff's account has caused the Plaintiff the inability to pay her monthly rent.

22. To date, Plaintiff has received nothing in writing from the Defendant in regards to this account, including that which would confirm the settlement amount that the Defendant received from the Plaintiff.

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

24. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment and the possible loss of her residence for non-payment.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692b(2)   Contact of Third Party: Stated the consumer owes any debt

| | | |
|---|---|---|
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliance One Receivables Management, Inc. for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§1788 et seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated in this complaint.

34. Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788 et seq. as alleged above including but not limited to, violations of:

| | |
|---|---|
| §§1788.10(f): | The threat to take any action against the debtor is prohibited by this title; |
| §§1788.11(d): | Causing telephone to ring repeatedly or continuously to annoy the person or; |
| §§1788.11(e): | Communicating by telephone or in person, with the debtor with such frequency as to be unreasonable or to constitute an harassment to the debtor under the circumstances; |
| §§1788.12(b): | Communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to locate the debtor, or where the debtor |

or his attorney has consented in writing to such communication;

35. Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788.17 by failing to comply with the FDCPA as alleged above.

36. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to CA Civil Code §§1788.30 (a), statutory damages for a knowing or willful violation pursuant to CA Civil Code §§1788.30(b) and reasonable attorney's fees and costs pursuant to CA Civil Code §§1788.30(c) from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. An award of actual damages pursuant to CA Civil Code §§1788.30 (a);

b. The maximum amount of statutory damages provided under CA Civil Code §§1788.30 (b);

c. For an award of costs of litigation and reasonable attorneys' fees pursuant to CA Civil Code §§1788.30(c); and

d. Such other or further relief as the Court deems just and proper.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  December 28, 2012**          **BY:  */s/  Brent F. Vullings bfv8435***
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff